Elsie Loomis, as Administratrix of the Estate of John Loomis, Deceased, Appellant, *v.* The Lake Shore and Michigan Southern Railway Company, Respondent.

1. Negligence — Question of Fact. Whether the defendant was negligent is a question for the jury where it appears, in an action brought against a railroad company for causing the death of plaintiff's intestate, that the intestate, who was a brakeman employed by a railroad company which had the right to use the tracks of the defendant company under a lease and contract, was walking between the two main tracks of defendant's railroad, at a point where it crossed several city streets at grade, to the rear of his train, when he was struck by a light engine backing down the track in charge of a hostler whose position in the cab was such that he could not see the deceased, and there is evidence

showing that the engine bell was not rung and that no one was stationed, as a lookout, at the rear of the engine, or upon the track, as required by the rules of the defendant.

2. Contributory Negligence — Question of Fact. The deceased cannot be held guilty of contributory negligence as a matter of law where it appears that he was required, in the discharge of his duty, to walk to the rear of his train, which was about to start, upon the right-hand side thereof, so that he was necessarily between the two main tracks during the short time required to pass from the head to the rear of his train, and there is evidence that at least once during that time he turned completely around and looked toward the point where any train or engine might be approaching from behind, since he had the right to assume that every rule of the defendant company as to speed, as to lookout on the rear of the tender, or on the track, and as to the ringing of the bell, would be observed if an engine was backing in the same direction in which he was going.

*Loomis* v. *Lake Shore & M. S. Ry. Co.*, 84 App. Div. 633, reversed.

(Argued June 13, 1905; decided October 3, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 18, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward R. O'Malley* for appellant. Plaintiff's intestate was lawfully on defendant's tracks and in its yards. (*Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 127; *Harold* v. *N. Y. C. R. R. Co.*, 13 Daly, 89; *Collins* v. *N. Y. & N. H. R. R. Co.*, 23 J. & S. 31; *Young* v. *N. Y. C. & H. R. R. R. Co.*, 30 Barb. 229; 13 Daly, 294; *McDermott* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 325.) The doctrine of co-employee has no application. (*Sullivan* v. *T. R. R. Co.*, 112 N. Y. 643; Thomp. on Neg. 1040–1044; *Svenson* v. *A. S. Co.*, 57 N. Y. 108; *Roach* v. *F. O. P. Co.*, 18 Wkly. Dig. 124; 95 N. Y. 660; *Harold* v. *N. Y. C. R. R. Co.*, 13 Daly, 89; *Young* v. *N. Y. C. R. R. Co.*, 13 Daly, 294; 30 Barb. 229; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 44 Hun, 247; affd., 118 N. Y.

527; Wood on Mast. & Serv. § 424; *Kilray* v. *D. & H. C. Co.*, 121 N. Y. 22; *O'Leary* v. *E. R. R. Co.*, 169 N. Y. 289.) The refusal to submit the question of defendant's negligence to the jury was error. (*Green* v. *Miller*, 74 Hun, 271; *Sylvester* v. *Wheeler*, 74 Hun, 382; *Anderson* v. *Young*, 66 Hun, 240; *Skerry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *Harris* v. *Perry*, 89 N. Y. 308; *Clemence* v. *City of Auburn*, 66 N. Y. 338; *Hayne* v. *Blair*, 62 N. Y. 19; *McPeak* v. *N. Y. C. & H. R. R. R. Co.*, 85 Hun, 107; *Dempsey* v. *N. Y. C. & H. R. R. R. Co.*, 81 Hun, 156; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Stinson* v. *N. Y. C. & H. R. R. R. Co.*, 32 N. Y. 333, 338.) Plaintiff's intestate was free from contributory negligence. (*Cordell* v. *N. Y. C. R. R. Co.*, 70 N. Y. 119; *Plank* v. *N. Y. C. R. R. Co.*, 60 N. Y. 607; *Jetter* v. *N. Y. C. R. R. Co.*, 41 N. Y. 154; *Dolan* v. *D. & H. C. Co.*, 17 Alb. L. J. 36; *Coughtry* v. *G. W. Co.*, 56 N. Y. 124; *Harpell* v. *Curtis*, 1 E. D. Smith, 78; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Wells* v. *N. Y. C. & H. R. R. R. Co.*, 78 App. Div. 1; *Pantzar* v. *T. F. I. Co.*, 99 N. Y. 376; *Booth & B. & A. R. R. Co.*, 123 N. Y. 280.)

*William B. Hoyt* for respondent. It is perfectly clear from the evidence that plaintiff's intestate was guilty of negligence contributing to the accident, not only in selecting an unsafe place to walk but in not using active vigilance to discover the approaching engine and to get to a place of safety. (*Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 500; *Cullen* v. *D. & H. C. Co.*, 113 N. Y. 667; *Mulheisin* v. *D., L. & W. R. R. Co.*, 81 Penn. St. 366; *P. R. R. Co.* v. *O'Shaughnessy*, 23 N. E. Rep. 675; *R. R. Co.* v. *Long*, 112 Ind. 166; *Tuttle* v. *Railway Co.*, 122 U. S. 189; *Bresnahan* v. *R. R. Co.*, 49 Mich. 410; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 562; *Wild* v. *H. R. R. Co.*, 24 N. Y. 430.) No negligence on the part of the defendant is disclosed by the evidence. (*Crowe* v. *N. Y. C. & H. R. R. R. Co.*, 70 Hun, 37; *Moccia* v. *N. Y. C. & H. R. R.*

*R. Co.*, 46 App. Div. 58; *Aerkfetz* v. *Humphreys*, 145 U. S. 418; *Goods* v. *Boston, etc., R. Co.*, 162 Mass. 287; Elliott on Railroads, 1971, § 1258; *Goodall* v. *N. Y. C. & H. R. R. R. Co.*, 89 Hun, 559; *Malone* v. *B. & A. R. R. Co.*, 51 Hun, 532; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 62 Hun, 587; *Harty* v. *C. R. R. of N. J.*, 42 N. Y. 468; *Crystal* v. *T. & B. R. Co.*, 124 N. Y. 519; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583.)

BARTLETT, J.    The plaintiff, as the administratrix of John Loomis, deceased, brought this action against the Lake Shore & Michigan Southern Railway Company, under the following circumstances : The intestate was, on the 12th day of July, 1902, the day he was killed, in the employ of the New York, Chicago & St. Louis Railway Company (commonly known as the Nickel Plate) as a brakeman on one of its freight trains.    The accident happened in the yard of the Lake Shore road at Buffalo.

It is a conceded fact, alleged in the complaint and admitted by the answer, that the Nickel Plate road had a lease and contract with the Lake Shore, giving it the right to operate its trains in and upon certain portions of the tracks and yard belonging to the defendant within the city of Buffalo, and particularly at the point where the accident occurred.

The direction of the defendant's tracks is substantially east and west through its yard.    The main east-bound track and the main west-bound track lie alongside of each other; the west-bound track is north of the east-bound track.    There are two or more parallel tracks south of the east-bound track and a like number north of the west-bound track, used for storing cars and other local purposes.    The main tracks near the point of the accident cross Scott street on the west, and proceed east over Perry and Fulton streets; all these crossings are at grade.    The accident occurred between Perry and Fulton streets, which are about three hundred feet apart, at a quarter to seven o'clock in the morning of a pleasant July day ; the atmosphere perfectly clear, it being broad daylight.

At this time the freight train of the Nickel Plate, on which the intestate was the rear brakeman, was standing on the east-bound main track of the defendant, ready to pull out. The freight train was lying between Perry and Fulton streets, the rear end being near or upon the latter street. The intestate was proceeding to the rear of his train from a point a little east of Perry street, walking between the east and west-bound tracks, part of the time on the south end of the ties of the west-bound track, and before he succeeded in reaching his destination he was struck by the rear end of the tender of a passenger engine, without cars, backing on the west-bound track and running in the same direction in which he was walking, and instantly killed.

It was proved that the defendant had been in the employ of the Nickel Plate for some thirteen years, and had been familiar for at least nine years with the yard of the defendant where the Nickel Plate was authorized to use certain of the tracks and facilities.

The two principal questions in this case are: Was the defendant negligent; was the intestate guilty of contributory negligence? The trial judge, at the close of plaintiff's case, in granting the defendant's motion to dismiss the complaint, said, among other things: " I am not able to see how the plaintiff can recover in this case upon either branch, either that the evidence establishes the negligence of the defendant, or freedom from contributory negligence on the part of the deceased."

As to the first question presented involving the negligence of the defendant: The hostler in charge of this backing engine was placed upon the stand by the plaintiff, and he admits he was operating this engine alone, and that when backing it and sitting in the seat of the engineer, where it was necessary for him to be, the track for the first sixty feet beyond the rear end of the tender was entirely shut out from his view by the height of the upper portion of the tender. It thus appears that the hostler was on the south side of the backing engine and the intestate was walking along

between the east and west-bound tracks; the hostler could neither see the immediate track ahead of him nor the spot where intestate was killed: It was proved that the duty of the employee, known as the hostler, was to take engines that had just arrived with passenger trains from the custody of the engineer and fireman, and run them out to the roundhouse, some four miles distant.

There was also evidence justifying a finding by the jury that no bell was rung, which omission was in violation of rules 69 and 79 of the defendant, read in evidence, and are as follows: "69 — The engine bell must in all cases be rung before the engine is put in motion and when running through tunnels and the streets of towns and cities; also while switching at stations and yards." "79 — Whenever the word train is used it must be understood to include an engine in service, with or without cars, equipped with signals as provided in rules 33 and 34."

There was also evidence from which the jury might have found that the backing engine was run in violation of rule 104A of the defendant, read in evidence; it is as follows: "104A — In no case must a train be backed over a public crossing or highway unless there is a man on the rear car, or on the ground ahead of the car, to see that the crossing is clear."

Taking the most favorable view of the evidence for the defendant, the question of its negligence should have been submitted to the jury.

As to the question of intestate's contributory negligence, we are of the opinion that there was sufficient evidence to carry the case to the jury. In order to determine this question, it is necessary to scrutinize intestate's conduct in connection with all the other facts in the case, especially those growing out of the alleged negligence of the defendant. When the intestate was walking between the two main tracks toward the rear of his train he had a right to assume that every rule of the company would be observed, if an engine was backing in the same direction as he was going, as to speed, as to lookout on the rear

of the tender, or on the track, and as to the ringing of the bell, etc. It is quite impossible to determine that intestate was guilty of contributory negligence until all these facts are duly considered.

The claim of the defendant is that it was negligence *per se* for the intestate to pass from the head of his train to the rear in the space between the two main tracks; that he could have walked on the top of the cars, although some of them were gondola cars, or on the other side of his train, between the east-bound track and the storage track, to the south, where it is asserted he would have been perfectly safe. The answer of appellant is that his position was not only at the rear of his train, which was about to start, but he was required to locate himself on the right-hand side of his train, which was the position he assumed when passing to the rear, as stated.

It further appears by a witness named Lynch, a letter carrier, who was also walking toward the rear of the freight train to secure a ride to the outskirts of the city of Buffalo where he distributed his mail, that as he was walking between the two main tracks, the intestate being ahead of him, he saw him turn completely around and look toward the point where any train or engine might be approaching from behind him. The defendant's complaint is that there is no evidence that he looked more than once, and that he was walking slowly. It was proved that the entire time occupied in passing from the head to the rear of the train was only two minutes, or possibly less. It was also proved that between the main tracks, where trains pass each other in opposite directions, there was a clear space of about three feet, lacking an inch or two.

We are of opinion that the question of intestate's contributory negligence was one of fact for the jury; he was not guilty of contributory negligence as matter of law.

Two legal questions were discussed on the argument which seem to require no special consideration at this time. The appellant argues that the plaintiff's intestate was lawfully on the defendant's tracks and in its yard; that he was there by

permission and not as a mere licensee. The situation can be put much stronger; the intestate was there under the provisions of a written lease and contract between the defendant and the Nickel Plate; he was lawfully there engaged in the business of his employer, and the defendant under this contract owed him, at least, the exercise of ordinary care in the management of its own trains and engines. It was also correctly argued, and does not seem to have been controverted, that the doctrine of co-employee has no application.

In view of the rule that in case of a nonsuit all inferences are to be drawn in favor of the plaintiff and the evidence be regarded in a light most favorable to her, the case should have been submitted to the jury, both as to defendant's negligence and intestate's contributory negligence.

. The judgment appealed from and that of the Trial Term should be reversed, with costs to abide event, and a new trial ordered.

Cullen, Ch. J., Gray, O'Brien, Vann and Werner, JJ., concur; Haight, J., not voting.

Judgment reversed, etc.